# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

**CARROLL ELECTRIC**
**COOPERATIVE CORPORATION**                                                              **PLAINTIFF**

**V.**                                **CASE NO. 3:23-CV-3017**

**ALLTEL CORPORATION**                                                                    **DEFENDANT**

## OPINION AND ORDER

Before the Court are Defendant Alltel Corporation's Motion for Attorneys' Fees and Costs (Doc. 23), Brief in Support (Doc. 24), and Bill of Costs (Doc. 25); Plaintiff Carroll Electric Cooperative Corporation's Response in Opposition and Brief in Support (Docs. 28 & 29); and Defendant's Reply (Doc. 32).

Plaintiff brought this breach-of-contract action in the Circuit Court of Carroll County, Arkansas, seeking $118,000 in damages and attorneys' fees from Defendant. Defendant removed the case to this Court and filed a motion to dismiss. Defendant argued that, based on the unambiguous language of the parties' contract, it had validly terminated the agreement with notice. The Court agreed with Defendant's reading of the contract, granted Defendant's motion, and dismissed the case with prejudice. *See* Doc. 22. Plaintiff has appealed the Court's dismissal; the appeal is pending at the Eighth Circuit.

Defendant seeks to recoup its attorneys' fees under Ark. Code Ann. § 16-22-308, which permits the Court to award reasonable fees to the prevailing party in a breach-of-contract action. Whether and how much to award in fees are left to the Court's discretion. *TCBY Sys., Inc. v. RSP Co.*, 33 F.3d 925, 930 (8th Cir.1994); *First United Bank v. Phase II*, 347 Ark. 879, 901 (2002).

1

Plaintiff does not dispute that Defendant is a prevailing party under § 16-22-308. However, Plaintiff asks the Court to decline to award fees to Defendant under § 16-22-308 because Plaintiff pursued its claim in good faith, both parties are sophisticated and financially solvent, and the fact that Defendant prevailed is insufficient on its own to support an award of fees.

While the Court agrees Plaintiff pursued this case in good faith, Defendant nevertheless had to defend against Plaintiff's claim and, in the Court's view, is entitled to the reasonable attorneys' fees it expended in litigating and securing the dismissal of this case.

In considering whether the fees billed by Defendant's counsel are reasonable, the Court considered the following factors set forth by the Arkansas Supreme Court in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229–30 (1990), and cited to with approval by the Eighth Circuit, *see All-Ways Logistics, Inc. v. USA Truck, Inc.*, 583 F.3d 511, 521 (8th Cir. 2009): the amount of time counsel invested in the lawsuit; the appropriateness of counsel's rates, given the experience and ability of the attorneys; the time and labor required to perform the legal services properly; the amount potentially at issue in the case; the results obtained; the novelty and difficulty of the issues involved; and the prevailing rate customarily charged in this area for similar legal services.

"While courts should be guided by [these] factors, there is no fixed formula in determining the reasonableness of an award of attorney's fees." *Phelps v. U.S. Credit Life Ins. Co.*, 340 Ark. 439, 442 (2000). "[W]hen the trial judge is familiar with the case and the service done by the attorneys, the fixing of a fee is within the discretion of the

court." *Hartford Accident & Indem. Co. v. Stewart Bros. Hardware Co.*, 285 Ark. 352, 354 (1985).

Defendant seeks $19,795 in attorneys' fees.[1] Defendant's counsel billed 53.1 hours at hourly rates of $390, $370, and $200 for attorneys Brandon Cate, Vincent Chadick, and Sharri Bell, respectively, and $160 for paralegal Larrissa Huff.

Plaintiff asks that the Court exclude 14.6 hours Defendant's counsel billed related to the removal of this case from state court. Plaintiff also identifies records it contends are duplicative work that could have been performed by just one attorney. Finally, Plaintiff argues the hours billed for drafting the motion to dismiss and preparing for oral argument are more than what is reasonable.

Having carefully reviewed the submitted billing records, the Court makes the following findings. First, Defendant's attorneys did excellent work in this case and obtained full dismissal of the suit in their client's favor. Second, the case and issues raised by the motion to dismiss were relatively straightforward compared to other breach-of-contract cases before this Court. Third, Defendant is entitled to reasonable fees for the time spent removing this case from state court. Fourth, 53.1 total hours is somewhat more than the Court finds was necessary to litigate this case.

---

[1] The Court notes that the hours billed correspond to $19,834 in fees, not $19,795. The discrepancy appears attributable to a time entry for 0.2 hours by Mr. Cate on May 3, 2023, that incorrectly billed out at $39 rather than $78. *See* Doc. 23-1, p. 10.

Based on these findings and the market rates in Arkansas for similar legal services, the Court will approve the following rates in this case: $350 for Mr. Cate, $330 for Mr. Chadick, $175 for Ms. Bell, and $75 for Ms. Huff.[2]

In addition, based on the above findings, the Court will discount each biller's hours by one-third. This reduces Mr. Cate from 44.8 hours to 29.9 hours, Mr. Chadick from 4.2 hours to 2.8 hours, Ms. Bell from 3.8 hours to 2.5 hours, and Ms. Huff from 0.3 hours to 0.2 hours. Under the approved billing rates, the Court therefore approves $11,841.50 in reasonable attorneys' fees.

Finally, the Court finds Defendant is entitled to its costs of $402 in filing fees. *See* Fed. R. Civ. Pro. 54(d); 28 U.S.C. § 1920.

**IT IS THEREFORE ORDERED** that the Motion for Attorneys' Fees and Costs (Doc. 23) is **GRANTED**. Plaintiff is **ORDERED** to pay Defendant its reasonable attorneys' fees of $11,841.50 and costs of $402, for a total of $12,243.50.

This Order is **STAYED** until the Eighth Circuit resolves Plaintiff's appeal.

**IT IS SO ORDERED** on this 24th day of July, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's counsel notes that it requests rates similar to those approved by the Court in *Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, 2018 WL 1597976, at *14 (W.D. Ark. Mar. 31, 2018). However, that case was significantly more complex and drawn out than the instant case.